

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-7-2008

# USA v. Williams

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3372

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Williams" (2008). 2008 Decisions. Paper 398.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/398

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-3372

———————

UNITED STATES OF AMERICA

v.

THOMAS ANTHONY WILLIAMS,

Appellant

———————

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 06-cr-00645)
District Judge:  Hon. Mary L. Cooper

———————

Submitted under Third Circuit LAR 34.1(a)
on June 27, 2008

Before:  SLOVITER, BARRY and ROTH, <u>Circuit Judges</u>

(Opinion filed: October 7, 2008)

———————

O P I N I O N

———————

**ROTH**, <u>Circuit Judge</u>:

Thomas Anthony Williams appeals the judgment of sentence imposed on him by the United States District Court for the District of New Jersey. The only issue on appeal is the reasonableness of the sentence. For the reasons set forth below, we will affirm the judgment of the District Court.

## I. Background and Procedural History

Because the facts are well known to the parties, we will discuss them only briefly here.

Williams was indicted for knowingly and willfully escaping from an institution in which he was lawfully confined, in violation of 18 U.S.C. §§ 751(a) and 4082(a). Williams escaped from the Fort Dix Federal Correctional Institution. Williams pled guilty to the indictment on February 27, 2007. The U.S. Sentencing Guidelines provided a range of 27 to 33 months imprisonment for Williams' offense. In addition, Guidelines § 5G1.3(a) provides, "If the instant offense was committed while the defendant was serving a term of imprisonment . . . the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment."

The District Court held a sentencing hearing on July 23, 2007. Prior to that hearing, Williams had submitted a memorandum requesting a downward departure pursuant to Guidelines §§ 5H1.4 and 5K2.0(a)(3). Section 5H1.4 provides,

> "Physical condition . . . is not ordinarily relevant in determining whether a departure may be warranted. However, an

2

extraordinary physical impairment may be a reason to depart downward; *e.g.*, in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment."

Section 5K2.0(a)(3) provides,

"A departure may be warranted in an exceptional case, even though the circumstance that forms the basis for the departure is taken into consideration in determining the guideline range, if the court determines that such circumstance is present in the offense to a degree substantially in excess of, or substantially below, that which ordinarily is involved in that kind of offense."

Williams sought a departure pursuant to § 5H1.4 on the basis of his medical condition and under § 5K2.0(a)(3) on the ground that his escape represented an "exceptional case." Williams claimed that he had escaped from Fort Dix to obtain necessary medical care, as evidenced by the fact that, about four weeks after his escape, he visited an emergency room in California, where he could not be turned away for lack of insurance. While at the emergency room, Williams (using an alias) underwent an angioplasty, a catheterization, and the insertion of two stents.

In addition to a downward departure, Williams also requested a 27-month sentence that would run concurrently with his existing sentence. Williams argued that a sentence at the bottom of the Guidelines range was appropriate based on consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a).

After hearing arguments from counsel and a statement from Williams, the District Court denied Williams' request for a downward departure and imposed a sentence of 33

months imprisonment, the top of the Guidelines range. While acknowledging that it had the discretion to grant a downward departure under § 5H1.4, the District Court concluded that Williams was not entitled to one because his criminal history demonstrated that he had committed offenses since the onset of his medical ailments and because the record failed to establish that the Bureau of Prisons had failed to address or was incapable of addressing Williams' medical problems while he was at Fort Dix. With respect to Williams' request for a concurrent sentence, the District Court determined that, under the Guidelines, an individual who commits an offense while serving a term of imprisonment should receive a sentence consecutive to the unfinished term. The District Court concluded further that the facts and circumstances of Williams' case did not justify the imposition of a concurrent sentence.

In considering Williams' request for the minimum sentence in the Guidelines range under § 3553(a), to run concurrently with his undischarged sentence, the District Court concluded that the maximum Guidelines sentence was appropriate. The District Court reasoned that Williams had a history of escaping federal supervision and that the need to deter such conduct by Williams and other inmates was a "very important consideration" in cases involving escape. The District Court noted that Williams could have sought a remedy for an alleged failure by the federal institution to address his medical needs by pursuing administrative relief and civil litigation.

Williams appealed. He argues that the District Court's sentence is unreasonable because, in light of his proffered reason for escaping, a consecutive sentence at the top of the

4

Guidelines range is inappropriate.

## II. Analysis

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Generally, following *United States v. Booker*, 543 U.S. 220 (2005), we review a sentence for reasonableness. *United States v. Cooper*, 437 F.3d 324, 326-28 (3d Cir. 2006). Reasonableness review essentially calls upon us to "ask[] whether the trial court abused its discretion." *Rita v. United States*, 127 S.Ct. 2456, 2465 (2007).

We apply a deferential standard in examining the District Court's application of the § 3553(a) factors. *Cooper*, 437 F.3d at 330. "The pertinent inquiry is whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors." *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007) (internal quotation omitted). The party challenging the sentence bears the burden of proving its unreasonableness. *Id.*

Williams has failed to meet that burden in this case. As we set out above, the record indicates that the District Court reasonably considered and applied the § 3553(a) factors in determining his sentence. The District Court's sentence is not unreasonable simply because the District Court did not afford Williams' proffered reason for escape the mitigating weight he believes it deserved. The record demonstrates that the District Court gave "meaningful consideration" to the § 3553(a) factors and determined that a consecutive sentence of the

5

maximum length within the Guidelines range was necessary for deterrence and protection of the public. We find no abuse of discretion in the District Court's determination.

**III. Conclusion**

For the reasons set forth above, we will affirm the judgment of the District Court.